Eleazar Victor OLMEDO, Petitioner—Appellant,

v.

Robert J. HERNANDEZ, Esq., Warden, Respondent—Appellee.

No. 05–55808.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2006.*

Decided June 13, 2006.

---

1. *Chebchoub v. INS,* 257 F.3d 1038, 1044 (9th Cir.2001).

2. *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jennifer L. Peabody, Esq., Marilee Marshall & Associates, Inc., Los Angeles, CA, for Petitioner–Appellant.

Zee Rodriguez, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: KOZINSKI and GOULD, Circuit Judges, and MARTINEZ,** District Judge.

## MEMORANDUM ***

Petitioner contends that his thirty-years-to-life sentence for first-degree residential burglary violates the Cruel and Unusual Punishment Clause of the Eighth Amendment because it is grossly disproportionate to his crime. Petitioner's triggering offense, breaking into his neighbor's home and removing his gardening tools, was inherently dangerous. Moreover, when the neighbors threatened to call the police, petitioner told them "he was going to bring his homeys"—a clear threat of violence. Petitioner had previously served time for three convictions for robbery and one for first-degree burglary. Although the most recent of his prior felonies was a decade old, he had hardly been law-abiding in the interim: He had been convicted of the unlawful taking or driving of a vehicle, being drunk in public, driving under the influence, and receiving stolen property.

Unlike the triggering offenses for the sentences found cruel and unusual in *Reyes v. Brown*, 399 F.3d 964, 965 (9th Cir.2005) (committing perjury by taking a driver's license exam for a relative), and *Ramirez v. Castro*, 365 F.3d 755, 757–58 (9th Cir.2004) (shoplifting a $199 VCR and peaceful surrender to authorities), petitioner's triggering offense was inherently dangerous, and he also implicitly threatened violence if the authorities were called.

---

** The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

In *Lockyer v. Andrade*, 538 U.S. 63, 77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court held that two consecutive sentences of twenty-five years to life for petty theft were not cruel and unusual. Likewise, in *Ewing v. California*, 538 U.S. 11, 29–30, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), the Supreme Court held that a twenty-five-years-to-life sentence for grand theft of $1,200 of golf clubs was not cruel and unusual. Petitioner's crime—first-degree residential burglary—is at least as severe and as likely to be violent as grand theft or petty theft. We therefore cannot say that petitioner's sentence was "contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(2).

**AFFIRMED**.